# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DENNIS NEWSON, )<br>)<br>Plaintiff, pro se, )<br>)<br>v. )<br>)<br>NORTH CAROLINA ATTORNEY )<br>GENERAL ROY COOPER, et al., )<br>)<br>Defendants. ) | **MEMORANDUM OPINION,<br>ORDER, AND<br>RECOMMENDATION**<br><br>1:09CV981 |

Plaintiff has submitted a lengthy pro se document entitled "COMPLAINT FOR EMERGENCY EX PARTE HEARING FOR PERMANENT INJUNCTION AND OTHER RELIEF." He has also requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Because Plaintiff seeks to proceed as a pauper, the court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(a). For frivolous or malicious review, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The court must accept all well-pled allegations and review the complaint in a light most favorable to

Plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. *White v. White*, 886 F.2d 721 (4th Cir. 1989). The court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995) (*en banc*) (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

Plaintiff's complaint is a lengthy, rambling, and sometimes confusing document filled with conclusory legal statements and hyperbolic accusations. In total, he makes 80 paragraphs of allegations. For that reason, it is difficult to summarize succinctly or interpret coherently. Overall, Plaintiff has sued a group of defendants composed of several prosecutors and public defenders from Hoke County, North Carolina, the North Carolina Attorney General, a North Carolina Special Prosecutor, two North Carolina Superior Court Judges, the Hoke County Clerk of Court, one of her Assistant Clerks, and the Hoke County Sheriff. He claims generally that an unidentified law enforcement officer committed perjury in an affidavit employed to obtain a warrant that was used to search Plaintiff's home. This apparently led to criminal proceedings against him in Hoke County.

The nature of the state charges against Plaintiff is not set out in the complaint; however, he alleges that the motivation behind the charges was to prevent him "from selling and installing satellite systems" (docket no. 2). It is not clear from the

complaint why any of the defendants would have this goal in mind, but Plaintiff alleges that they have gone to great lengths to violate his rights and pursue the criminal action against him. What is clear from the complaint is that Plaintiff has attempted a number of pro se motions and legal tactics in the state courts which have not been well-received. Plaintiff charges that various of the Defendants have stymied his efforts to conduct the criminal case as he sees fit. He also claims that they have made false allegations, hidden or destroyed evidence, and harassed him in various ways.

At some point Plaintiff's efforts in pursuing his criminal case apparently led him to make filings which he characterizes as civil in nature. These filings led to a hearing, and an order was entered preventing Plaintiff from making further filings in the Hoke County Clerk's Office. He was also ordered not to go into the building of any Hoke County official. Eventually, the public defender representing Plaintiff in the criminal case moved to withdraw, but was not allowed to do so. Plaintiff also claims that another judge later struck the order preventing him from making filings. Nevertheless, when he later attempted to make further filings, he was prevented from doing so by Hoke County Sheriffs Deputies who are not named as defendants in this suit. Still, the complaint indicates that Plaintiff's criminal case is ongoing in state court, but is not proceeding to his satisfaction because the current judge, the same one that allegedly struck the order preventing him from making filings, now will not hear all of his motions.

Based on the allegations in his complaint, Plaintiff's seeks injunctive and declaratory relief against the Defendants. As will be explained below, these requests are either inappropriate or not supported by the allegations in the complaint.

The requests for relief are set out in a number of paragraphs contained in two separate sections at the end of the complaint. The first section lists five requests for injunctive relief. Initially, Plaintiff seeks an injunction preventing Defendants from violating his rights under the Second Amendment of the United States Constitution. Plaintiff states that this Amendment "assures a citizen's right against prosecution of a criminal matter without sufficient probable cause, unreasonable search and unreasonable seizure"[sic] (docket no. 2, count I). This is incorrect. The Second Amendment actually secures "the right of the people to keep and bear Arms." Nowhere in Plaintiff's complaint does he make any claim that his right to keep or bear arms has been infringed. Therefore, he has not stated any claim to support an injunction or other relief under the Second Amendment.

Plaintiff's second and third requests for injunctions are more on target, but still fail. They purport to rely on the Fourth and Fourteenth Amendments of the United States Constitution, although they repeat the mistaken contention that the Second Amendment deals with probable cause and unreasonable searches and seizures. In actuality, it is the Fourth Amendment that requires probable cause for warrants and prohibits unreasonable searches and seizures; however, that protection is for

-4-

actions by the United States government. The Fourteenth extends that protection to actions by states. Because Plaintiff has at least invoked the Fourth and Fourteenth Amendments by name, the Court will construe his claims as arising under those Amendments. He also mentions due process at various points in his complaint. That claim too would be one arising under the Fourteenth Amendment.

None of these claims can proceed because of the stated goal of Plaintiff in seeking an injunction. As he makes very clear in the beginning of his complaint, his intent in bringing this action is "to restrain and enjoin" Defendants and anyone associated with them from "[e]ngaging in the prosecution of a criminal action" against him (*id.* ¶ 1). He also lists a number of other goals, but all are aimed at achieving the central goal of ending or altering the State's prosecution of his criminal case. The object of all his requests for relief is to have this court intervene in an ongoing state court criminal proceeding.

Federal court intervention into ongoing state court criminal proceedings offends the principles of state-federal comity and is only undertaken in extreme circumstances. *Younger v. Harris*, 401 U.S. 37 (1971). Abstention is proper where there is a prior ongoing state proceeding, it implicates an important state interest, and a plaintiff will have an adequate opportunity to raise any federal claims in the state proceedings. *Id.* To avoid being barred by abstention, a plaintiff must demonstrate that no adequate remedy is available in the state courts and that irreparable injury will occur if equitable relief is not granted. *Middlesex County Ethics*

*Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Intervention is possible based on bad faith, harassment or extraordinary circumstances. *Gilliam v. Foster*, 75 F.3d 881, 904-905 (4th Cir. 1996). Absent a possible double jeopardy violation, however, the cost and anxiety of defending against a criminal prosecution is not sufficient to support intervention based on irreparable injury. *Id*.

Here, Plaintiff has not made a sufficient showing to warrant federal intervention in the state proceedings to which he objects. To be sure, there is an ongoing criminal proceeding in which the State of North Carolina retains an important interest. Plaintiff will also have the chance to raise his federal claims in the ongoing proceeding. Although he and the officers in the state courts are often at odds, this does not mean that he cannot raise his claims. He has counsel and can use that counsel to advance his interest or he can choose to proceed pro se. He does make allegations of bad faith and harassment, but he has provided very little factual underpinning for those claims. He instead relies mainly on conclusory and, at times, inflammatory accusations. In the end, he is left with very little of substance. Where Plaintiff does make factual allegations, they are mainly of behavior by law enforcement officers not named as defendants in this case. These would not support any claim against the named defendants.

Finally, looking at the complaint as a whole rather than in finite parts, it is, if not based on a fantastic and delusional scenario, then very close. Plaintiff is essentially claiming that the twelve state and local officials named as defendants,

-6-

along with a sizeable number of persons not named as defendants, are conspiring to expend great deals of time and money, violate the law, and risk their careers, all in order to pursue a criminal case against Plaintiff that was fabricated with the intent of preventing him from selling and installing satellite systems in a rural North Carolina county. The entire complaint can likely be dismissed on this basis alone. To be sure, this is not the sort of allegation that warrants this court wading into a state court criminal action. Plaintiff is not entitled to the relief he seeks under the Fourth and Fourteenth Amendments.

Plaintiff's final two requests for injunctions accuse Defendants of violating 18 U.S.C. §§ 241 and 242. These are criminal statutes. Any violations of those statutes would have to be brought to court through the United States Attorney's Office, not by a private party. Plaintiff is not entitled to relief under these statutes, and these claims should be dismissed.

Finally, Plaintiff sets out thirty-two paragraphs of what appear to be requests for declaratory relief. All essentially relate to having the court find that the allegations in his complaint are true. For the reasons set out above, this would not be proper. These requests for relief should also be dismissed.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

/s/ Wallace W. Dixon
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
January 4, 2010